UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON JARREL SPIKES | CIVIL ACTION |
| VERSUS | NO. 17-17638 |
| WILLIAM J. KNIGHT | SECTION "E"(2) |

## REPORT AND RECOMMENDATION

Plaintiff, Jason Jarrel Spikes, is a prisoner currently incarcerated in the Concordia Parish Correctional Facility in Ferriday, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Judge William J. Knight of the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. Record Doc. No. 6 (Complaint). Plaintiff asserts that, on January 4, 2017, Judge Knight "set a 5 to 15 cap on a felony that carries 0 to 5; Also he gave me a cruel, excessive, and unfair sentence for a contraband, a jailhouse knife, that sentence was 20 years." Id. at p. 4, ¶ IV. Spikes appears to seek damages for "lawsuits of my rights and laws being broken, pain and suffering; and an indictment." Id. at p. 5, ¶ V.

## ANALYSIS

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners and

by others proceeding in forma pauperis must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted or seek monetary relief from a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

In this case, plaintiff's Section 1983 complaint must be dismissed either as legally frivolous, for failure to state a claim or because it seeks relief from a defendant who is immune.

II.    <u>JUDICIAL IMMUNITY</u>

Plaintiff's written submissions challenge the actions of the defendant judge in sentencing Spikes to an allegedly excessive sentence. Plaintiff's claims against the judge are barred by judicial immunity.

For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978) (citing <u>Bradley v. Fisher</u>, 80 U.S. 335 (1871)); <u>Mays v. Sudderth</u>, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." <u>Ammons v. Baldwin</u>, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); <u>accord</u> <u>Mays</u>, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. <u>Stump</u>, 435 U.S. at 356-57; <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967), <u>overruled in part on other grounds by Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), <u>as recognized by Hill v. Shelander</u>, 992 F.2d 714, 716 (7th Cir. 1993); <u>Mays</u>, 97 F.3d at 110-11.

In the past, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. <u>Pulliam v. Allen</u>, 466 U.S. 522, 541-42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act

or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled <u>Pulliam</u>'s holding regarding the availability of injunctive relief against a judge in his official capacity. <u>Guerin v. Higgins</u>, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); <u>Nollet v. Justices</u>, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); <u>see also</u> <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in this Section 1983 action against the judge who is the defendant in this case. <u>Tesmer v. Granholm</u>, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); <u>Nollet</u>, 83 F. Supp. 2d at 210.

The actions taken by the judge who is the defendant in this case are also within the scope of his role as a judicial officer and therefore within his jurisdiction. Consequently, the doctrine of absolute judicial immunity bars Spikes's suit against this judge. Plaintiff's complaint against the judge must be dismissed because this defendant is immune. 28 U.S.C. §§ 1915(e)(2)(iii) and 1915A(b)(2).

Even construed broadly, plaintiff's complaint fails to state any violation whatsoever of his constitutional rights that might be cognizable under Section 1983. Spikes has failed to allege anything that could reasonably be construed as a constitutional

-4-

violation committed by this defendant judge. Under these circumstances, even beyond the immunity granted by the law in favor of the judge, it must be concluded that Spikes's complaint is legally frivolous and/or fails to state a claim upon which relief might be granted.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim or on immunity grounds under 28 U.S.C. § 1915(e)(2).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this  21st  day of February, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.